USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/26/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHICKPEN, S.A.,

Plaintiff,

-against-

BOLIVARIAN REPUBLIC OF VENEZUELA,

Defendant.

21 Civ. 597 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On August 31, 2021, Plaintiff, Chickpen, S.A., moved by order to show cause for a default judgment under Federal Rule of Civil Procedure 55 and Local Civil Rule 55.2, ECF No. 34, in this action for breach of contract against Defendant, the Bolivarian Republic of Venezuela ("Venezuela"), Compl. ¶¶ 10, 54–65, ECF No. 1. For the reasons stated below, Plaintiff's motion for default judgment is GRANTED.

**BACKGROUND**[1]

Plaintiff is the beneficial owner of two-dollar denominated debt securities: (1) global bonds issued in 1998 (the "Bonds") and (2) global notes issued in 2001 (the "Notes"). *See id.* ¶¶ 1–10; Fernandez Decl. ¶¶ 3, 12, ECF No. 37; Exhibit A, ECF No. 38-5; Exhibit C, ECF No. 38-7.

Both the Bonds and the Notes were issued pursuant to fiscal agency agreements. Compl. ¶¶ 2, 6. Among other things, the agreements provide that Defendant waives its sovereign immunity with respect to claims arising out of the Bonds and Notes, consents to be sued in the United States District Court for the Southern District of New York, and agrees that New York law will govern the agreements, the Bonds, and the Notes, as relevant here. *See* Exhibit A at 25–28; Exhibit C at 26, 28–29; Torres Decl. ¶¶ 39, 44, ECF No. 38.

[1] The facts below are drawn from the affidavits and supporting documents submitted by Plaintiff. *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 211–12 (D.D.C. 2012).

On February 15 and August 15, 2018, Defendant failed to make contractually mandated interest payments of 6.8125% on the $1,285,000 principal amount of the Bonds, which amounts to $175,081.26. Fernandez Decl. ¶ 4. And, on August 15, 2018, when the Bonds matured, Defendant failed to pay Plaintiff the principal amount. *Id.* ¶ 6. On February 15 and August 15, 2019, February 15 and August 15, 2020, and February 15 and August 15, 2021, Defendant failed to make post-maturity interest payments of 6.8125% on the principal amount, which amounts to $525,243.75 in total. *Id.* ¶ 8. As of August 31, 2021, the day Plaintiff moved for a default judgment, Defendant has failed to make additional interest payments totaling $7,781.29. *Id.* ¶ 10. Because of Defendant's failure to meet its obligations under the Bonds, Defendant owes Plaintiff $1,993,106.29. *Id.* ¶ 11.

On December 1, 2017, and June 1 and December 1, 2018, Defendant failed to make contractually mandated interest payments of 3.5% on the $11,599,000 principal amount of the Notes, which amounts to $1,217,895. *Id.* ¶ 13. And, on December 1, 2018, when the Notes matured, Defendant failed to pay Plaintiff the principal amount. *Id.* ¶ 15. On June 1 and December 1, 2019, June 1 and December 1, 2020, and June 1, 2021, Defendant failed to make post-maturity interest payments of 3.5% on the principal amount, which amounts to $2,029,825. *Id.* ¶ 17. As of August 31, 2021, Defendant has failed to make additional interest payments totaling $202,982.50. *Id.* ¶ 18. Because of Defendant's failure to meet its obligation under the Notes, Defendant owes Plaintiff $15,049,702.50. *Id.* ¶ 20.

On January 22, 2021, Plaintiff brought this breach of contract action to recover the amount owed on the Bonds and the Notes. Compl. ¶¶ 54–65. On May 21, 2021, Defendant was served pursuant to 28 U.S.C. § 1608(a)(4). Letter, ECF No. 38-4. Defendant has not appeared. On July 30, 2021, the Clerk of Court entered a certificate of default. ECF No. 31. On August 31, 2021, Plaintiff filed the following documents on the public docket: a proposed order to show cause, ECF No. 34, an affidavit from Tomas I. Polanco Fernandez, the sole shareholder of Plaintiff, Fernandez Decl., a

declaration of Plaintiff's counsel, Paola Sanchez Torres, including exhibits, Torres Decl., and a proposed default judgment, ECF No. 36.

Plaintiff also requested that the Court waive its usual practices to proceed by order to show cause because the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq*. ("FSIA"), which requires only service of a default judgment on a foreign state, applies. ECF No. 35. On September 7, 2021, the Court entered an order stating that it would not proceed by order to show cause. ECF No. 40.

**ANALYSIS**

I. Jurisdiction

A. Sovereign Immunity

Under FSIA, foreign states are immune from suit, but they can waive that immunity "either explicitly or by implication." 28 U.S.C. §§ 1604, 1605(a)(1). In the fiscal agency agreements governing the bonds at issue here, Defendant expressly waived its sovereign immunity. *See* Exhibit A at 28; Exhibit C at 29. Accordingly, the Court has jurisdiction to consider Plaintiff's claims. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 209 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

B. Service

Under FSIA, a plaintiff can serve a foreign state by (1) "deliver[ing] a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state," (2) "deliver[ing] a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents," (3) "sending a copy of the summons and complaint and a notice of suit, . . . by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned," or (4) "sending two copies of the summons and complaint and a notice of

suit, . . . by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, . . . [with] the Secretary . . . transmit[ing] one copy of the papers through diplomatic channels to the foreign state and . . . send[ing] to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted." 28 U.S.C. § 1608(a). "[A] plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012) (citations omitted).

Here, service under §§ 1608(a)(1), (2), and (3) is unavailable because (1) as Defendant has admitted in other litigation, "the Consulate General has been recalled, the Consulate has been closed, and no replacement agent has been appointed," Torres Decl. ¶ 15; (2) the current political situation in Venezuela has made it impossible to serve pursuant to international conventions, *id.* ¶ 16; and (3) Venezuela has formally objected to service by mail, *id.* Accordingly, service on Defendant, effected by the Clerk of Court mailing two copies of the complaint and related papers to the United States Department of State for service on Venezuela, and the Department of State then delivering the complaint and related papers to the Venezuelan embassy in Washington, D.C., *id.* ¶¶ 17–18; Letter, ECF No. 38-4, was proper pursuant to § 1608(a)(4).

II. Liability

Defendant defaulted by failing to answer the complaint or otherwise defend this action. Fed. R. Civ. P. 55(a); 28 U.S.C. § 1608(d) ("In any action brought in a court of the United States . . . a foreign state . . . shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under [FSIA]").

In addition, because Plaintiff brought this suit against a foreign state, FSIA's standard for granting default judgments applies. Under 28 U.S.C. § 1608(e), courts can grant default judgments against foreign states only if the moving party "establishes [its] claim or right to relief by evidence

satisfactory to the [C]ourt." Therefore, the Court cannot "unquestioningly accept a complaint's unsupported allegations as true," *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 211 (D.D.C. 2012) (citation omitted), but rather, it must require that the plaintiff set forth "uncontroverted factual allegations, which are supported by . . . documentary and affidavit evidence," *In re Terrorist Attacks on September 11, 2001*, No. 03 Civ. 9848, 2012 WL 3090979, at *2 n.1 (S.D.N.Y. July 30, 2012) (quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 59 (D.D.C. 2010) (alterations in original)).

Plaintiff, as the beneficial owner authorized to bring suit by Cede & Co.—the nominee of the Depository Trust Company and the entity acting as the holder of record of the Bonds and the Notes—has contractual standing to bring this action. *See* Torres Decl. ¶ 47; Exhibit I, ECF No. 39–13; Exhibit J, ECF No. 39-14; *see also Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242, 245 (2d Cir. 2005); *Etevob v. Republic of Argentina*, 471 F. Supp. 2d 432, 443 (S.D.N.Y. 2007) ("[A]n owner of a beneficial interest . . . must receive authorization from the registered holder of the bond before it may sue[.]"), *aff'd sub nom. Mazzini v. Republic of Argentina*, 282 F. App'x 907 (2d Cir. 2008).

As discussed above, Defendant has failed to pay the principal amount and interest as required by the Bonds and the Notes. *See* Fernandez Decl. ¶¶ 4–11, 13–20. Defendant's failure to make payments required by the Bonds' and Notes' terms constitutes a breach of contract. *See MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 517 (S.D.N.Y.) ("A bond is, of course, a contract, and the obligations and rights of the parties are thus defined by the terms of the bond."), *aff'd*, 719 F. App'x 47 (2d Cir. 2017); *Mun. Cap. Appreciation Partners, I, L.P. v. Page*, 181 F. Supp. 2d 379, 390 (S.D.N.Y. 2002) ("Under New York law, to establish a breach of contract a plaintiff must plead and prove the following elements: (i) the existence of a contract; (ii) breach by the other party; and (iii) damages suffered as a result of the breach.").

Accordingly, Plaintiff is entitled to default judgment on its breach of contract claims.

III. Damages

For the Bonds, Plaintiff seeks (1) $1,285,000 in missed principal payments and (2) $708,106.43 in missed interest payments between February 15, 2018, and August 31, 2021, plus any further post-maturity interest payments that accrue before the date of judgment, plus interest that accrues between the last interest payment and the date of judgment. Torres Decl. ¶¶ 84–85. And, for the Notes, Plaintiff seeks (1) $11,599,000 in missed principal payments and (2) $3,450,702.50 in missed interest payments between December 1, 2017, and August 31, 2021, plus any further post-maturity interest payments that accrue before the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment. *Id.* ¶¶ 88–89. Plaintiff also requests pre-judgment statutory interest on the missed interest payments, post-judgment interest as set forth in 28 U.S.C. § 1961(a), and attorneys' fees and costs. *Id.* ¶¶ 81–82, 86–87, 90–91.

Because the Court has found Defendant liable for breaching its contractual obligations to pay amounts that accrued before the filing of the complaint, Plaintiff can recover damages for the interest payments missed before that date, and the unpaid principal on the Bonds and the Notes. *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995) (stating that, in a breach of contract action, damages are generally measured at "the amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." (quotation marks and citation omitted)). In addition, in New York, plaintiffs can recover interest that has been earned between the filing of the complaint and the final judgment. *NML Cap. V. Republic of Argentina*, 952 N.E.2d 482, 489 (N.Y. 2011). Therefore, the Court can also award as damages the missed interest payments between the filing of the complaint and the entry of judgment. *NML Cap. V. Republic of Argentina*, 435 F. App'x 41, 43 (2d Cir. 2011).

Moreover, Plaintiff can recover pre-judgment statutory interest, *NML Capital*, 435 F. App'x at 43–44, and post-judgment interest pursuant to 28 U.S.C. § 1961(a), *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996). However, Plaintiff has only requested pre-judgment interest on the missed interest payments. Torres Decl. ¶ 81. In addition, under the terms of the Registered Global Security for the Bonds, Defendant's default entitles Plaintiff to reasonable attorneys' fees and costs "incurred in connection with any reasonable investigation of [the default] or the enforcement of the [s]ecurities." *See* Torres Decl. ¶ 82; Exhibit F at 12, 27, 42, ECF No. 38-10.

But, Plaintiff has not provided an explanation for some of the amounts listed in its proposed default judgment. In particular, the Court requires an explanation for how Plaintiff arrived at the dollar amounts provided in paragraph d. on page 1 and paragraph d. on page 2 of its proposed default judgment. ECF No. 36. Accordingly, by **June 9, 2022**, Plaintiff shall file a letter on the docket providing an explanation for those amounts, or it shall submit a new proposed default judgment that reflects the amounts due as of the date the proposed default judgment is submitted.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is GRANTED. By **June 9, 2022**, Plaintiff shall file a letter explaining how it arrived at the dollar amounts in paragraph d. on page 1 and paragraph d. on page 2 of its proposed default judgment, or it shall submit a new proposed default judgment that reflects the amounts due as of the date the proposed default judgment is submitted. By **June 9, 2022**, Plaintiff may also file contemporaneous billing records and other documented expenses in support of an award of fees and costs.

SO ORDERED.

Dated: May 26, 2022
New York, New York

ANALISA TORRES
United States District Judge