# gamardo

Tel: (786) 741-2662  • 1200 Brickell Ave., Suite 750, Miami FL 33131 • www.gamardo.com

September 5, 2025

**VIA CM/ECF:**
Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

**RE:**   *Chickpen, S.A., v. Bolivarian Republic of Venezuela,* No. 1:21-cv-00597 (S.D.N.Y.)

Dear Judge Torres:

We represent Plaintiff Chickpen, S.A. ("Chickpen"). Pursuant to Rule III.A of Your Honor's Individual Practices, we submit this response to the pre-motion letter filed by Defendant the Bolivarian Republic of Venezuela ("Venezuela") [ECF No. 57] ("Letter"), in connection with its anticipated motion to dismiss Chickpen's Supplemental Complaint [ECF No. 51].

In the Letter, Venezuela asserts that Chickpen is not entitled to recover semi-annual interest payments that have accrued under the Debt Securities following entry of the Default Judgment [ECF No. 46] ("Judgment"). We disagree. *Phoenix Acquisition Corp. v. Campcore, Inc.,* 81 N.Y.2d 138, 141 (1993) ("[A]s installments of [a] loan indebtedness bec[o]me due and payable" but not paid, "separate causes of action accrue[ ]"); *Pomeranz v. More*, 187 Misc. 383, 387, 63 N.Y.S.2d 111 (N.Y. Mun. Ct. 1946) ("[A] judgment on one installment is not a bar to an action on a later installment.").

Venezuela's reliance on *NML Capital v. Republic of Argentina*, 17 N.Y.3d 250 (2011), is misplaced. In *NML*, the Court did not adopt a rule precluding bondholders from recovering missed coupon payments that accrue after entry of a judgment. To the contrary, the Court held that "the language chosen by the parties in the pertinent loan agreement" determines the parties' obligations after maturity, acceleration, or entry of judgment, explaining there is no rule of law holding that "an obligation to make biannual interest payments until the loan is repaid – automatically cease[s] to be enforceable after acceleration." *Id.* at 263.

The Court in *NML* enforced the pertinent fiscal agency agreement, which provided that interest would accrue "until the principal was paid *or the contract was merged in a judgment.*" *Id.* at 259 (emphasis added). That limitation was contractual, not a principle of New York law. Chickpen's Debt Securities contain no such limitation: They expressly provide that interest shall continue to accrue until the principal is paid or made available for payment. *See* [ECF No. 38-10] at 17 (providing that interest shall continue to accrue "until the principal hereof is paid, or made available for payment"); *see also* [ECF No. 38-11] at 17 ("If the Issuer shall fail to redeem the

1

Notes when due, interest shall continue to accrue beyond the due date until actual redemption of the Notes"). Under *NML*, the Court must enforce those provisions and recognize Chickpen's claims for unpaid interest because Venezuela has neither paid the Debt Securities nor made them available for payment.

Moreover, *Ajdler v. Province of Mendoza*, 33 N.Y.3d 120 (2019), is inapposite. There, the bondholder's claim for principal was time-barred, and the Court held that without a viable principal claim there could be "no freestanding claim to enforce the obligation to make post-maturity interest payments." *Id.* at 128. Chickpen, by contrast, timely obtained the Judgment on principal and interest, and its claim for post-judgment coupons arises under language in the Debt Securities. Therefore, *Ajdler* is distinguishable.

Finally, Venezuela fails to address *Contrarian Capital Management, LLC v. Bolivarian Republic of Venezuela*, 19 Civ. 11018 (S.D.N.Y.) ("*Contrarian*"). In *Contrarian*, the Court allowed creditors to file supplemental complaints against Venezuela seeking coupon payments that accrued post-judgment and subsequently entered final judgments awarding damages on those claims. *See id.* at [ECF Nos. 118, 119, 125, 126]. Venezuela consented to the entry of those judgments. *Id*. at [ECF Nos. 114, 117, 121, 124]. Chickpen's Supplemental Complaint seeks the same relief: Recovery of contractually owed interest that accrued post-judgment and has not been paid. Having permitted and approved such claims for similarly situated creditors, the Court should do so again here.

For these reasons, we respectfully submit that Chickpen is entitled to recover missed semi-annual coupon payments under the Debt Securities that have accrued since entry of the Judgment.

Sincerely,

**GAMARDO, P.A.**

*[signature]*

Andres Gamardo, Esq.
*Counsel to Chickpen, S.A.*